UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN MUNOZ<br>311 N. Quebec Road, #1<br>Arlington, VA 22203<br><br>BLAS OVELAR<br>1021 Arlington Blvd., #905E<br>Arlington, VA 22209<br><br>TEDDY ROCHA<br>721 Glebe Road<br>Arlington, VA 22204<br><br>DANIEL YERIEN<br>3066 Valley Lane<br>Falls Church, VA 22044 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. _____ |

Plaintiffs,

v.

LUCKY NG d/b/a SM CONSTRUCTION CO.
a California individual person
2525 Van Ness Avenue, Suite 208
San Francisco, CA 94109

and

JURYS WASHINGTON, LLC d/b/a JURYS
WASHINGTON HOTEL
a Delaware limited liability corporation
1500 New Hampshire Avenue, NW
Washington, DC 20036

Defendants.

# Notice of Removal

PLEASE TAKE NOTICE that Defendants Jurys Washington, LLC d/b/a Jurys

Washington Hotel ("Jurys"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§

1331, 1441, and 1446, hereby removes the action captioned <u>Munoz et al. v. Lucky Ng. d/b/a SM Construction Co., et al.</u>, Case No. 2007 CA006579 B, presently pending in the Superior Court for the District of Columbia, to the United States District Court for the District of Columbia. In support of removal, Defendants state as follows:

1.    On or about September 28, 2007, Plaintiffs Juan Munoz, Blas Ovelar, Teddy Rocha and Daniel Yerien ("Plaintiffs") commenced an action by submitting for filing a Complaint in the Superior Court for the District of Columbia, Case No. 2007 CA006579 B. Counsel for Defendant Jurys agreed to accept service of the Complaint for Jurys and received a copy of the Complaint on October 1, 2007.  Pursuant to 28 U.S.C. § 1446(a) a copy of Plaintiffs' Complaint and all other process, pleadings and orders served upon the Defendants in this action are attached to this Notice as Exhibit A.

2.    The Complaint contains counts for alleged violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), alleged violation of the District of Columbia Minimum Wage Law, D.C. Code Anno. §§ 32-1001, et seq. ("DCMWL"), alleged violation of the District of Columbia Payment and Collection of Wages Act, D.C. Code Anno. §§ 32-1301, et seq. ("DCPCWL"), alleged breach of oral contract, and alleged unjust enrichment.

3.    As of this date, Defendant Jurys has not filed a responsive pleading in the action commenced by Plaintiffs in the Superior Court for the District of Columbia.  Defendant Jurys has filed a Praecipe pursuant to Super. Ct. Civ. R. 55(a)(2) extending the time for Jurys to plead or otherwise respond to plaintiff's Complaint by twenty days.

4.    The State Court Action could have originally been brought in Federal District Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, as plaintiffs' claims for relief under the Fair Labor Standards Act arise under the laws of the United States.

5.    Because this Court has original jurisdiction over the above-entitled action pursuant to 28 U.S.C. § 1331, defendant Jurys is entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441.  Further, pursuant to 28 U.S.C. § 1441(c), this Court may exercise jurisdiction over plaintiffs' claims for relief under the District of Columbia's Minimum Wage Law and District of Columbia Payment and Collection of Wages Law, as well as plaintiff's breach of contract and common law claims.

6.    This Notice of Removal is timely because, in accordance with 28 U.S.C. § 1446(b), it has been filed within 30 days of service of the Complaint.

7.    Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court for the Superior Court for the District of Columbia.

WHEREFORE, Defendant Jurys Washington, LLC, hereby removes this matter from the Superior Court for the District of Columiba to the United States District Court for the District of Columbia based upon the District Court's federal question jurisdiction.

Respectfully submitted,
JURYS WASHINGTON, LLC d/b/a JURYS
WASHINGTON HOTEL
By Counsel

Mark D. Crawford (Bar No. 449004)
Joseph A. McManus, Jr. (Bar No. 345462)
Daniel K. Felsen (Bar No. 438553)
MCMANUS, SCHOR,
ASMAR & DARDEN, L.L.P.
1155 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005
202-296-9260
202-659-3732 (fax)
mcrawford@msadlaw.com

# Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing document was mailed first-class, postage-prepaid, this 31st day of October 2007, to

> Andrew Bagley
> Glenn Grant
> Crowell & Moring, LLP
> 1001 Pennsylvania Avenue, N.W.
> Washington, D.C. 20004
> 202-624-2672
> 202-628-5116 (fax)
> abagley@crowell.com
> ggrant@crowell.com
> *Counsel for Plaintiffs*

> Lucky Ng d/b/a SM Construction Co.
> 2525 Van Ness Avenue, Suite 208
> San Francisco, CA 94109

Mark D. Crawford

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JUAN MUNOZ
   Vs.
                                      C.A. No.      2007 CA 006579 B
LUCKY NG D/B/A/ SM CONSTRUCTION CO.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge ROBERT E MORIN
Date:  September 28, 2007
Initial Conference: 9:30 am, Friday, January 04, 2008
Location:  Courtroom 517
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001



**EXHIBIT**
*A*
part 2

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court are require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001   Telephone: 879-1133

| JUAN MUNOZ; BLAS OVELAR; TEDDY ROCHA; DANIEL YERIEN | |
|---|---|

*Plaintiff*

0006579-01

VS.

| LUCKY NG d/b/a SM CONSTRUCTION and JURYS WASHINGTON d/b/a JURYS WASHINGTON HOTEL | |
|---|---|

*Defendant*

Civil Action No. [                    ]

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.**   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Andrew W. Bagley, Esq. |
|---|

Name of Plaintiff's Attorney

| 1001 Pennsylvania Avenue, NW |
|---|

Address

| Washington, D.C. 20004 |
|---|

| (202) 624-2672 |
|---|

Telephone

By _____
Deputy Clerk

Date [ SEP 2 8 2007 ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA. 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE. N.W.. ROOM JM 170

Form CV(6)-4/66/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-l 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## IN THE SUPERIOR COURT
## FOR THE DISTRICT OF COLUMBIA

JUAN MUÑOZ )
311 N. Quebec Road, #1 )
Arlington, VA 22203 )
)
BLAS OVELAR )
1021 Arlington Blvd., #905E )
Arlington, VA 22209 )
)
TEDDY ROCHA )
721 Glebe Road )
Arlington, VA 22204 )
)
DANIEL YERIEN )
3066 Valley Lane )
Falls Church, VA 22044 )
)
          Plaintiffs, )
v. )
)
LUCKY NG d/b/a SM CONSTRUCTION CO. )
a California individual person )
2525 Van Ness Avenue, Suite 208 )
San Francisco, CA 94109 )
)
          and )
)
JURYS WASHINGTON LLC )
d/b/a JURYS WASHINGTON HOTEL )
a Delaware limited liability corporation )
1500 New Hampshire Avenue, N.W. )
Washington, DC 20036 )
)
          Defendants. )
)

RECEIVED
Civil Clerk's Office
SEP 2 8 2007
Superior Court of the
District of Columbia
Washington, D.C.

Case No.

     Plaintiffs, through their undersigned attorneys, for their action against Defendants Lucky

Ng d/b/a SM Construction Co. ("SM Construction"), and Jurys Washington LLC d/b/a Jurys

Washington Hotel ("Jurys Washington Hotel"), hereby allege as follows:

## NATURE OF ACTION

1.      Plaintiffs were employed by Defendants SM Construction and Jurys Washington Hotel as non-exempt employees and bring this action against Defendants for engaging in an intentional, uniform and systematic scheme of wage payment abuse against Plaintiffs, who performed renovation work on behalf of Defendants at the Jurys Washington Hotel, located at 1500 New Hampshire Ave., N.W., Washington D.C. This scheme involved, *inter alia*, failing to pay wages for work performed; failing to pay Plaintiffs' overtime compensation owed to them for hours worked in excess of forty (40) in any workweek; and failing to pay employees promised bonuses for working on an expedited schedule.

2.      As a result of Defendant's systematic scheme and practice of failing to properly pay employees for work performed at the Jurys Washington Hotel, Defendants have violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), the D.C. Minimum Wage Law, D.C. Code Anno. §§ 32-1001, et seq. ("DCMWL"), and the D.C. Payment and Collection of Wages Law, D.C. Code Anno. §§ 32-1301, et seq. ("DCPCWL"), as well as District of Columbia common law.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to D.C. Code Anno. § 32-1012 (DCMWL), D.C. Code Anno. § 32-1308 (DCPCWL), and pursuant to D.C. Code Anno. § 11-921, as the amount in controversy exceeds five thousand (5,000) dollars.

4.      This Court has personal jurisdiction over all Defendants hereto. Defendant Jurys Washington Hotel has its principal place of business in Washington, D.C. Defendant SM

2

Construction transacts business within the District of Columbia, and contracted with Jurys Washington Hotel to provide general contractor services within the District of Columbia.

5.    Venue is proper because all events giving rise to the claims occurred in Washington, D.C.

## FACTUAL ALLEGATIONS

6.    Plaintiff Juan Muñoz resides in the State of Virginia.  He performed work for the benefit of Defendants beginning on January 9, 2006, when he was employed by Defendants to perform tiling work at Jurys Washington Hotel.  Mr. Muñoz ceased to perform work for the benefit of Defendants on April 9, 2006.

7.    Mr. Muñoz was hired by Defendants as a tile mechanic at a rate of $20.00 per hour.

8.    . For the entirety of his tenure as an employee of Defendants, Mr. Muñoz worked seven days per week and a minimum of 75 hours per week.  Defendants failed to pay Mr. Muñoz any compensation for his last two weeks of work, and never paid Mr. Muñoz overtime for hours in excess of 40 that he worked in any given workweek.

9.    Plaintiff Blas Ovelar resides in the State of Virginia.  He performed work for the benefit of Defendants beginning on or about January 9, 2006, when he was employed by Defendants to perform plumbing work at the Jurys Washington Hotel.  Mr. Ovelar ceased to perform work for the benefit of Defendants on or about March 24, 2006.

10.    Mr. Ovelar was initially hired by Defendants as a plumber at a rate of $20.00 per hour.  On or about February 12, 2006, his pay was increased to a rate of $32.50 per hour.

3

11.    For the first two weeks as an employee of Defendants, Mr. Ovelar worked six days per week and a minimum of 70 hours per week. After the first two weeks, Mr. Ovelar worked seven days per week and a minimum of 75 hours per week. Defendants failed to pay Mr. Ovelar any compensation for his last two weeks of work and never paid Mr. Ovelar overtime for hours in excess of 40 that he worked in any given workweek.

12.    Plaintiff Teddy Rocha resides in the State of Maryland. He performed work for the benefit of Defendants beginning on January 10, 2006, when he was employed by Defendants to perform tiling work at Jurys Washington Hotel. Mr. Rocha ceased to perform work for the benefit of Defendants on April 9, 2006.

13.    Mr. Rocha was hired by Defendants as a tile mechanic at a rate of $20.00 per hour.

14.    For the entirety of his tenure as an employee of Defendants, Mr. Rocha worked seven days per week and a minimum of 75 hours per week. Defendants failed to pay Mr. Rocha any compensation for his last two weeks of work, and never paid Mr. Rocha overtime for hours in excess of 40 that he worked in any given workweek.

15.    On or about the last week of February, 2006, Mr. Rocha tried to deposit in his Bank of America account a check drawn on an SM Construction account. The check was for wages for five (5) days, amounting to approximately $1,060.00. The check bounced. Mr. Rocha notified Defendant Lucky Ng that the check bounced, and Defendant Ng assured him that he would be issued another check. Defendant Lucky Ng failed to issue a new check for these wages.

16.     On or about April 1, 2006, Defendants offered Mr. Rocha a bonus of $400.00, conditioned upon his finishing the remaining tile work on his floor within one week.  Mr. Rocha worked on an expedited schedule and finished the remaining tile work within one week. Defendants failed to pay Mr. Rocha the promised $400.00 bonus.

17.     Plaintiff Daniel Yerien resides in the State of Virginia.  He performed work for the benefit of Defendants beginning on January 9, 2006, when he was employed by Defendants to perform tiling work at Jurys Washington Hotel.  Mr. Yerien ceased to perform work for the benefit of Defendants on April 9, 2006.

18.     Mr. Yerien was hired by Defendants as a tile foreman at a rate of $25.00 per hour.

19.     For the entirety of his tenure as an employee of Defendants, Mr. Yerien worked seven days per week and a minimum of 75 hours per week.  Defendants failed to pay Mr. Yerien any compensation his last two weeks of work, and never paid Mr. Yerien overtime for hours in excess of 40 that he worked in any given workweek.

20.     On or about April 1, 2006, Defendants offered Mr. Yerien a bonus of $2,000.00, conditioned upon his finishing the remaining tile work within one week.  Mr. Yerien worked on an expedited schedule and finished the remaining tile work within one week.  Defendants failed to pay Mr. Yerien the promised $2,000.00 bonus.

21.     Plaintiffs did not perform work that would qualify for an exemption under the applicable federal or state wage payment laws.  Plaintiffs were manual laborers and were to be paid hourly based on hours actually worked.

22.    Defendant Lucky Ng (d/b/a SM Construction) resides in San Francisco, CA. Upon information and belief, Mr. Ng is the owner of SM Construction, and is highly involved in and/or responsible for overseeing the running of SM Construction. Upon information and belief, SM Construction's primary business is providing general construction services to its customers.

23.    Defendant Jurys Washington Hotel has its principal place of business in Washington, D.C. Upon information and belief, Jurys Washington Hotel's business is focused primarily on owning and managing a hotel. Jurys Washington Hotel continues to do business in Washington D.C., as it has for the entirety of the time period relevant to this Complaint.

24.    Defendant Jurys Washington Hotel, by virtue of its control over, management of, and payment to Plaintiffs, is a "joint employer" of Plaintiffs within the meaning of FLSA, DCMWL, and DCPCWL.

25.    The unlawful acts charged in this Complaint were done by Defendants themselves or were authorized, carried out, ordered, or done by Defendants' officers, agents, employees or representatives, while actively engaged in the management of Defendants' businesses or affairs.

26.    Defendant SM Construction is in the business of providing construction services. SM Construction's owner, Lucky Ng, authorized, assented to, and was aware of the work performed by Plaintiffs for the benefit of Defendants.

27.    Upon learning that work was available on the Jurys Washington Hotel renovation project, Plaintiffs, either individually or as part of a work crew, approached Lucky Ng for employment. Lucky Ng hired Plaintiffs and set Plaintiffs' hourly wage rates and told them

where and when to report to work. When compensation was paid to Plaintiffs, it was by means of checks drawn on an SM Construction bank account.

28.　　Upon information and belief, Defendant SM Construction directly benefited from the work of Plaintiffs. Defendant SM Construction received payment from Defendant Jurys Washington Hotel for the work performed by Plaintiffs for the benefit of Defendants.

29.　　Defendant Jurys Washington Hotel actively oversaw the work performed by Plaintiffs and, either directly or through Lucky Ng or his agents, specified which work Plaintiffs were to perform. On at least one occasion, compensation was paid to Plaintiffs by means of a check drawn on a Jurys Washington Hotel account.

30.　　By virtue of its actions towards Plaintiffs, Defendant Jurys Washington Hotel is a joint employer of Plaintiffs. Defendant Jurys Washington Hotel authorized, assented to, and was aware of the work performed by Plaintiffs for the benefit of Defendants.

31.　　Upon information and belief, Defendant Jurys Washington Hotel directly benefited from the work of Plaintiffs.

32.　　Defendants had a legal obligation to pay their employees for work performed and to pay overtime compensation to non-exempt employees for hours worked in excess of 40 per workweek.

33.　　Despite Defendants' obligations under relevant wage and hour laws, Defendants intentionally created and implemented a scheme through which they denied Plaintiffs wages they were owed for each hour worked, and denied legally required overtime payments of one-and-one-half times their regular hourly rate of pay for hours worked in excess of 40 per workweek.

34.    Upon information and belief, Defendants' scheme to deny payment of wages included failure to pay any wages at all for work performed during a two-week period, and failure to pay overtime throughout the entire tenure of Plaintiffs' work for Defendants.

35.    To this day, Plaintiffs have not been paid all compensation owed them for hours worked during the period in which they performed services for the benefit of Defendants.

36.    Throughout Plaintiffs' employment period with Defendants, when Defendants issued payroll checks to Plaintiffs, neither Defendant included a statement of gross earnings of the employee or deductions from those gross earnings.

37.    The compensation practices set forth above constitute willful, knowing, and intentional violations of FLSA, DCMWL, and DCPCWL and constitute violations of District of Columbia common law.

## COUNT I
### (Violation of FLSA)

38.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

39.    Plaintiffs are or were employed by Defendants on an hourly basis to perform manual labor and/or other duties that do not satisfy any test for exemptions under the FLSA.

40.    Defendants failed to pay or caused Plaintiffs not to be paid for all hours worked on behalf of Defendants in violation of 29 U.S.C. § 206(a).

41.    Plaintiffs each worked more than 40 hours in one or more workweeks within the time period relevant to this Complaint.

42.    In violation of 29 U.S.C. § 207(a), Defendants failed to pay Plaintiffs or caused Plaintiffs not to be paid for overtime at a rate of at least one-and-one-half times their regular rate of pay for hours in excess of 40 in any given workweek.

43.    Defendants' violations of FLSA were repeated, willful, and intentional. Accordingly, a three-year statute of limitations governs this claim pursuant to 29 U.S.C. § 255(a).

44.    Plaintiffs have been damaged by said violations of FLSA.

45.    For their violation of FLSA, Defendants are liable to Plaintiffs for back pay, all unpaid overtime compensation, an additional amount as liquidated damages, and costs and reasonable attorneys' fees incurred in the maintenance of this action.

## COUNT II
### (Violation of the D.C. Minimum Wage Law)

46.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

47.    Defendants failed and refused to pay the required D.C. overtime wage for each hour worked, in violation of Section 32-1003(a)(2) of DCMWL.

48.    Defendants failed and refused to pay Plaintiffs one-and-one-half times their regular rate of pay for all hours worked in excess of 40 per workweek, in violation of Section 32-1003(c) of DCMWL.

49.    Defendants' violations of DCMWL were repeated, willful, and intentional.

50.     As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts plus liquidated damages.

51.     For their violation of DCMWL, Defendants are liable to Plaintiffs for back pay, all unpaid overtime compensation, an additional amount as liquidated damages, and costs and reasonable attorneys' fees incurred in the maintenance of this action.

### COUNT III
**(Violation of the D.C. Payment and Collection of Wages Law)**

52.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

53.     Defendants failed and refused to pay Plaintiffs their earned straight and overtime wages in violation of DCPCWL, Section 32-1301, and *et seq.*

54.     Defendants' violations of DCPCWL were repeated, willful, and intentional.

55.     As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts plus liquidated damages.

56.     For their violation of DCPCWL, Defendants are liable to Plaintiffs for back pay, all unpaid overtime compensation, an additional amount as liquidated damages, and costs and reasonable attorneys' fees incurred in the maintenance of this action.



## COUNT IV
### (Breach of Oral Contract)

57.    Plaintiffs Rocha and Yerien re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

58.    Defendants entered into binding oral contracts with Plaintiffs Rocha and Yerien in which Defendants agreed to pay Plaintiffs Rocha and Yerien a bonus if they were able to finish the remaining tile work within one week.

59.    Plaintiffs worked on an expedited schedule and were able to finish the remaining tile work within one week.

60.    Defendants did not pay the promised bonuses.  Defendants' failure to do so constitutes a breach of contract by Defendants.

61.    By reason of Defendants' breach, Plaintiffs suffered economic harm and are entitled to the payment of the bonuses due, interest, and other compensation that Plaintiffs would have received but for Defendants' breach of contract.

## COUNT V
### (Unjust Enrichment/Quantum Meruit)

62.    Plaintiffs Rocha and Yerien re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

63.    By performing work at the direction of Defendants without receiving the bonuses to which they were entitled under law, Plaintiffs Rocha and Yerien conferred substantial benefits upon Defendants.

64.     Defendants appreciated and were aware of these benefits.  Defendants received valuable compensation for the work performed by Plaintiffs Rocha and Yerien.

65.     Defendants accepted and retained the benefits of the work performed by Plaintiffs Rocha and Yerien.

66.     The work that Plaintiffs Rocha and Yerien performed for which they were not properly compensated was performed at the direction and behest of Defendants and/or those authorized to act on behalf of Defendants.  Plaintiffs did not perform this work on an expedited schedule voluntarily, but rather with the expectation of being fully compensated.

67.     Under these circumstances, it is inequitable for Defendants to accept or retain the benefits of the work performed by Plaintiffs Rocha and Yerien without making full payment for its value.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A.  Determine the damages sustained by Plaintiffs during the time period relevant to this Complaint as a result of Defendants' willful and intentional violations of 29 U.S.C. § 207(a), and award such backpay and unpaid overtime against Defendants in favor of Plaintiffs, plus liquidated damages as allowed by law; and

B.  Determine the damages sustained by Plaintiffs during the time period relevant to this Complaint as a result of Defendants' willful and intentional violations of both DCMWL and DCPCWL, as well as District of Columbia common law, and award all appropriate damages resulting to Plaintiffs therefrom; and

12

C. Award Plaintiffs their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and other associated costs; and

D. Grant Plaintiffs such other and further relief as this Court may deem just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY.

Respectfully submitted,

Andrew Bagley (Bar No. 447806)
Glenn Grant (Bar No. 437324)
Crowell & Moring LLP
1001 Pennsylvania Ave., N.W.
Washington D.C. 20004
Phone: (202) 624-2672
        (202) 624-2852
        (202) 624-2874
Fax:    (202) 628-5116
E-mail: abagley@crowell.com
        ggrant@crowell.com

*Counsel for Plaintiffs*

September 28, 2007

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUAN MUNOZ *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LUCKY NG d/b/a SM CONSTRUCTION CO. ) <br> ) <br> and ) <br> ) <br> JURYS WASHINGTON, LLC d/b/a JURYS ) <br> WASHINGTON HOTEL ) <br> ) <br> Defendants. ) <br> ) | Case No. 2007 CA 006579 B <br><br> Judge Robert E. Morin <br><br> Next Event: Initial Conference: <br> January 4, 2008 |

# Praecipe

The Clerk of the Court will please take notice that defendant Jurys Washington, LLC

d/b/a Jurys Washington Hotel, has received from plaintiff, pursuant to Super. Ct. Civ. R.

55(a)(2), a twenty-day extension of time to plead or otherwise respond to plaintiff's Complaint in

the above-referenced case.

Respectfully submitted,
JURYS WASHINGTON, LLC d/b/a JURYS
WASHINGTON HOTEL
By Counsel


/s/ Mark D. Crawford
Mark D. Crawford (Bar No. 449004)
Joseph A. McManus, Jr. (Bar No. 345462)
Daniel K. Felsen (Bar No. 438553)
MCMANUS, SCHOR,
ASMAR & DARDEN, L.L.P.
1155 Fifteenth Street, N.W.
Suite 900



EXHIBIT
A
part 1

Washington, D.C. 20005
202-296-9260
202-659-3732 (fax)
mcrawford@msadlaw.com
jmcmanus@msadlaw.com
dfelsen@msadlaw.com


SEEN AND AGREED:
JUAN MUNOZ; BLAS OVELAR; TEDDY
ROCHA; DANIEL YERIEN
By Counsel

/s/ Andrew Bagley
Andrew Bagley
Glenn Grant
Crowell & Moring, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
202-624-2672
202-628-5116 (fax)
abagley@crowell.com
ggrant@crowell.com
*Counsel for Plaintiffs*

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served this 22nd day of October via CaseFileXpress upon:

Andrew Bagley
Glenn Grant
Crowell & Moring, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
202-624-2672
202-628-5116 (fax)
abagley@crowell.com
ggrant@crowell.com
*Counsel for Plaintiffs*


/s/ Mark D. Crawford
Mark D. Crawford

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Juan Munoz, Blas Ovelar, Teddy Rocha, and Daniel Yerien | Lucky Ng d/b/a SM Construction Co. and Jurys Washington, LLC d/b/a Jurys Washington Hotel |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Andrew Bagley and Glenn Grant
Crowell & Moring, LLC
1001 Pennsylvania Avenue, NW
Washington, DC 202-624-2672

ATTORNEYS (IF KNOWN) Mark Crawford
McManus, Schor, Asmar & Darden, LLP
1155 15th Street, NW
Suite 900
Washington, DC 20005 202-296-9260

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☒ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
| ☒ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

□ 1 Original Proceeding  ☒ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Fair Labor Standards Act, 29 U.S.C. 201 et seq. Claim by Plaintiffs for allegedly unpaid wages.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS  □  ACTION UNDER F.R.C.P. 23  **DEMAND $**  Check YES only if demanded in complaint  **JURY DEMAND:** ☒ YES  □ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  □ YES  ☒ NO  If yes, please complete related case form.

DATE 10/31/07  SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.