UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN MUNOZ, *et al.* ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-01962 |
| ) | |
| LUCKY NG d/b/a SM CONSTRUCTION CO. ) | |
| ) | |
| and ) | |
| ) | |
| JURYS WASHINGTON, LLC d/b/a JURYS ) | |
| WASHINGTON HOTEL ) | |
| ) | |
|     Defendants ) | |

# Answer of Jurys Washington Hotel, LLC to Complaint

# and

# Cross-Claim of Jurys Washington Hotel, LLC against Lucky Ng d/b/a SM Construction Co.

## Answer of Jurys Washington Hotel, LLC to Complaint

Defendant Jurys Washington, LLC d/b/a Jurys Washington Hotel ("Jurys"), in response to the Complaint filed by Plaintiffs Munoz, Ovelar, Rocha and Yerien (collectively, "Plaintiffs"), states as follows:

### First Defense

For its first defense to the Complaint, Jurys responds to and answers each separate paragraph thereof as follows:

1. Jurys denies the allegations of paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains legal conclusions to which Jurys is not required to respond. To the extent a response is required, Jurys denies the allegations of paragraph 2 of the Complaint.

3. The jurisdictional allegations of paragraph 3 of the Complaint contain the pleaders' conclusions of law and do not require a response from this defendant.

4. The jurisdictional allegations of paragraph 4 of the Complaint contain the pleaders' conclusions of law and do not require a response from this defendant.

5. The allegations of paragraph 5 of the Complaint as to venue contain the pleaders' conclusions of law and do not require a response from this defendant.

6. Jurys denies that it employed Plaintiff Munoz or that Plaintiff Munoz performed work for Jurys's benefit. Jurys is without sufficient knowledge to admit or deny the remaining allegations of paragraph 6 of the Complaint, denies those allegations, and demands strict proof thereof.

7. Jurys denies the allegations of paragraph 7 of the Complaint.

8. Jurys denies the allegations of paragraph 8 of the Complaint.

9. Jurys denies that it employed Plaintiff Ovelar or that Plaintiff Ovelar performed work for Jurys's benefit. Jurys is without sufficient knowledge to admit or deny the remaining allegations of paragraph 9 of the Complaint, denies those allegations, and demands strict proof thereof.

10. Jurys denies the allegations of paragraph 10 of the Complaint.

11. Jurys denies the allegations of paragraph 11 of the Complaint.

12.     Jurys denies that it employed Plaintiff Rocha or that Plaintiff Rocha performed work for Jurys's benefit.  Jurys is without sufficient knowledge to admit or deny the remaining allegations of paragraph 12 of the Complaint, denies those allegations, and demands strict proof thereof.

13.     Jurys denies the allegations of paragraph 13 of the Complaint.

14.     Jurys denies the allegations of paragraph 14 of the Complaint.

15.     Jurys is without sufficient knowledge to admit or deny the allegations of paragraph 15 of the Complaint, denies those allegations, and demands strict proof thereof.

16.     Jurys denies the allegations of paragraph 16 of the Complaint.

17.     Jurys denies that it employed Plaintiff Yerien or that Plaintiff Yerien performed work for Jurys's benefit.  Jurys is without sufficient knowledge to admit or deny the remaining allegations of paragraph 17 of the Complaint, denies those allegations, and demands strict proof thereof.

18.     Jurys denies the allegations of paragraph 18 of the Complaint.

19.     Jurys denies the allegations of paragraph 19 of the Complaint.

20.     Jurys denies the allegations of paragraph 20 of the Complaint.

21.     The allegations of paragraph 21 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant.  To the extent those allegations require a response, they are denied.

22.     Upon information and belief, Jurys admits that Defendant Lucky Ng resides in or near San Francisco, California and that he is the vice president of SM Construction, whose business is providing general contracting construction services to its customers. Jurys is without

sufficient knowledge to admit or deny the remaining allegations of paragraph 22 of the Complaint, denies those allegations, and demands strict proof thereof.

23. Jurys admits that its principal place of business is in Washington, D.C., that it is in the business of owning and operating a hotel, and that it continues to do business in Washington, D.C.

24. The allegations of paragraph 24 of the Complaint contain the pleaders' conclusions of law and do not require a response from this defendant. To the extent a response is required, Jurys denies the allegations of paragraph 24 of the Complaint.

25. Jurys denies the allegations of paragraph 25 of the Complaint.

26. Jurys admits that SM Construction ("SMC") is in the business of providing construction services and that Lucky Ng is vice president of defendant SMC. Jurys is without sufficient knowledge to admit or deny the remaining allegations of paragraph 26 of the Complaint, denies those allegations, and demands strict proof thereof.

27. Jurys is without sufficient knowledge to admit or deny the allegations of paragraph 27 of the Complaint, denies those allegations, and demands strict proof thereof.

28. Jurys is without sufficient knowledge to admit or deny the allegations of paragraph 28 of the Complaint, denies those allegations, and demands strict proof thereof.

29. Jurys admits that on a single occasion, at SMC's request, Jurys made payment to Plaintiffs Rocha, Ovelar, and Yerien, despite having paid or overpaid SMC for the value of all work performed by SMC to that point in time. Jurys made the payment in order to keep SMC's subcontractors, independent contractors, and/or laborers, such as Plaintiffs Rocha, Ovelar, and Yerien, from abandoning SMC's work at the Jurys Washington Hotel. Jurys denies the remaining allegations of paragraph 29 of the Complaint.

30. The allegations of paragraph 30 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

31. Jurys denies the allegations of paragraph 31 of the Complaint.

32. The allegations of paragraph 32 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant.

33. Jurys denies the allegations of paragraph 33 of the Complaint.

34. Jurys denies the allegations of paragraph 34 of the Complaint.

35. Jurys denies the allegations of paragraph 35 of the Complaint.

36. Jurys denies the allegations of paragraph 36 of the Complaint.

37. The allegations of paragraph 37 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

38. Jurys incorporates by reference the responses contained in paragraphs 1-37 above as though fully set forth in this paragraph.

39. The allegations of paragraph 39 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

40. The allegations of paragraph 40 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

41. Jurys is without sufficient knowledge to admit or deny the remaining allegations of paragraph 41 of the Complaint, denies those allegations, and demands strict proof thereof.

42. The allegations of paragraph 42 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

43. The allegations of paragraph 43 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

44. The allegations of paragraph 44 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

45. The allegations of paragraph 45 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

46. Jurys incorporates by reference the responses contained in paragraphs 1-45 above as though fully set forth in this paragraph.

47. The allegations of paragraph 47 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

48. The allegations of paragraph 48 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

49. The allegations of paragraph 49 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

50.     The allegations of paragraph 50 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

51.     The allegations of paragraph 51 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

52.     Jurys incorporates by reference the responses contained in paragraphs 1-51 above as though fully set forth in this paragraph.

53.     The allegations of paragraph 53 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

54.     The allegations of paragraph 54 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

55.     The allegations of paragraph 55 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

56.     The allegations of paragraph 56 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

57.     Jurys incorporates by reference the responses contained in paragraphs 1-56 above as though fully set forth in this paragraph.

58. The allegations of paragraph 58 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

59. Jurys denies the allegations of paragraph 59 of the Complaint.

60. The allegations of paragraph 60 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

61. The allegations of paragraph 61 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

62. Jurys incorporates by reference the responses contained in paragraphs 1-61 above as though fully set forth in this paragraph.

63. The allegations of paragraph 63 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

64. Jurys denies the allegations of paragraph 64 of the Complaint.

65. Jurys denies the allegations of paragraph 65 of the Complaint.

66. Jurys denies the allegations of paragraph 66 of the Complaint.

67. The allegations of paragraph 67 of the Complaint constitute the pleaders' conclusions of law and do not require a response from this defendant. To the extent those allegations require a response, they are denied.

68. Jurys denies all allegations not specifically admitted and demands strict proof of each element of Plaintiffs' Complaint.

## Second Defense

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## Third Defense

Plaintiffs' Complaint is barred in whole or in part by the applicable statute of limitations.

## Fourth Defense

Plaintiffs' claims and causes of action are barred, in whole or in part, due to Plaintiffs' lack of standing or capacity to maintain an action in this Court.

## Fifth Defense

Jurys may rely at trial upon the affirmative defenses of payment, waiver, release, accord and satisfaction and estoppel.

## Sixth Defense

Plaintiffs' claims and causes of action are barred, in whole or in part, by reason of set-off and recoupment.  In particular, Jurys is currently engaged in litigation with SMC as a result of SMC's faulty and defective work during the renovation of the hotel including, but not limited to, defective tile work.  Further, to the extent that the defective tile work and other defective work at the hotel is attributable to Plaintiffs' work at the hotel, Jurys reserves the right to amend its pleadings to allege a counterclaim against Plaintiffs for the value of that work.

## Seventh Defense

Jurys did not employ Plaintiffs within the meaning of any relevant statute.

## Eighth Defense

Plaintiffs were not employees of any party within the meaning of any relevant statute but instead were subcontractors or independent contractors.

### Ninth Defense

Jurys reserves the right to rely upon any additional defenses that become known to it during the course of discovery or at trial.

WHEREFORE, Defendant Jurys Washington, LLC d/b/a Jurys Washington Hotel prays that the Complaint be dismissed with prejudice and that Defendant Jurys be awarded its costs and attorneys' fees expended in this matter and for such further and other relief in favor of Defendant Jurys as this Court deems proper and just.

## Cross-Claim of Jurys Washington Hotel, LLC against Lucky Ng d/b/a SM Construction Co.

Cross-Plaintiff Jurys Washington, LLC d/b/a Jurys Washington Hotel ("Jurys"), pursuant to Fed. R. Civ. P. 13(g), for its Cross-Claim against Lucky Ng d/b/a SM Construction Co., states as follows:

### The Parties

1.　Jurys is a limited liability company organized and existing under the laws of the State of Delaware and does business as Jurys Washington Hotel. Jurys is registered and authorized to do business in the District of Columbia. At all times relevant hereto, Jurys has been the owner of a hotel commonly known as the Jurys Washington Hotel (the "Hotel") located at 1500 New Hampshire Avenue, NW, Washington, DC 20036.

2.　Lucky Ng (Ng) is an individual who, upon information and belief, resides in the State of California and serves as the vice-president of SM Construction Co. ("SMC"). SMC is in the business of providing general contracting services.

3. Plaintiffs Juan Munoz ("Munoz"), Blas Ovelar ("Ovelar"), Teddy Rocha ("Rocha"), and Daniel Yerien ("Yerien") (collectively "Plaintiffs") are four individuals that have filed a Complaint against Jurys and SMC alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the District of Columbia Minimum Wage Law, D.C. Code Anno. §§ 32-1001, *et seq.* ("DCMWL"), and the District of Columbia Payment and Collection of Wages Act, D.C. Code Anno. §§ 32-1301, *et seq.* ("DCPCWL").

## Jurisdiction and Venue

4. Subject matter jurisdiction lies with this Court under 28 U.S.C. §1331, as the matter in controversy arises under the laws of the United States.

5. Venue is proper, pursuant to 28 U.S.C. §1391(a)(2), as a substantial part of the alleged events or omissions giving rise to the claim occurred in this judicial district.

## Factual Allegations

6. Jurys, as owner, and SMC, as general contractor, entered into a contract (the "General Contract") under which SMC was obligated to provide, among other things, all labor necessary to complete the renovation of the Hotel ("the Project").

7. Plaintiffs have alleged in their Complaint that defendant SMC hired them to perform work at the Project.

8. Plaintiffs have alleged that SMC has failed to pay them statutorily required overtime for periods of work performed on the Project and that SMC has failed to pay them at all for other periods of work performed on the Project.

9. Plaintiffs have further alleged that Jurys exercised "control over, management of, and payment to Plaintiffs" such that Jurys should be considered a "joint employer" within the meaning of the FLSA, DCMWL, and DCPCWL.

10. Plaintiffs seek to hold Jurys responsible for SMC's alleged failures to pay Plaintiffs wages allegedly owed to Plaintiffs by SMC.

11. SMC has been paid in full by Jurys, and in fact has been overpaid by Jurys, for construction services and materials that SMC had allegedly performed and/or supplied to Jurys's Project.

12. Jurys has no contractual privity with the Plaintiffs and does not have any knowledge of the work allegedly performed by Plaintiffs on the Project, if any.

13. To the extent that Plaintiffs actually performed work on the Project, Jurys does not have any knowledge as to whether those individuals worked as employees, subcontractors, or independent contractors of SMC.

14. To the extent that Plaintiffs actually performed work on the Project, SMC has received payment in full and has in fact been overpaid for the cost of the work performed by Plaintiffs.

15. To the extent that Plaintiffs actually performed work on the Project, all responsibility to pay Plaintiffs rested with SMC and not with Jurys.

16. If Plaintiffs performed work on the Project for which they have not been paid by SMC, the sole and proximate reason for that non-payment is SMC's failure to pay to Plaintiffs with moneys that Jurys has paid to SMC in consideration of work performed by Plaintiffs.

17. Jurys has denied that it exercised any control over Plaintiffs' alleged employment activities with SMC or that it is liable to Plaintiffs in any amount, on any grounds.

## Count 1 – Breach of Contract/Indemnification

18. Jurys incorporates by reference the allegations in paragraphs 1 – 17 above as though fully set forth in this paragraph.

19. SMC breached the General Contract by failing to pay for the labor allegedly provided by Plaintiffs at the Project.

20. Jurys has denied all liability to Plaintiffs. In the event that Jurys is found to be liable to any or all of the Plaintiffs in any amount as a result of this lawsuit, however, such liability will have been caused by SMC's failures to pay Plaintiffs for labor allegedly provided on the Project.

21. Jurys is entitled to judgment against SMC for full and complete indemnity for all sums adjudicated in favor of Plaintiffs and against Jurys, and for all attorneys' fees and costs incurred in the defense of this matter.

22. Jurys has fulfilled all conditions precedent, if any, to bringing this action.

WHEREFORE, Cross-Plaintiff Jurys respectfully requests this Court to enter judgment in its favor and against Cross-Defendant SMC for all sums for which Jurys is found to be liable to Plaintiffs in this matter, plus pre- and post- judgment interest, attorneys' fees and costs, and such other and further relief as this Court deems proper and just.

## Count 2 – Equitable Indemnity

23. Jurys incorporates by reference the allegations in paragraphs 1 – 22 above as though fully set forth in this paragraph.

24. Jurys has denied all liability to Plaintiffs. However, in the event that Jurys is found to be liable to any or all of the Plaintiffs in any amount as a result of this lawsuit, the equities of the case and the relationship of the parties are such as to entitle Jurys to a judgment of equitable indemnity against SMC in order to prevent a result that is unjust.

25. Jurys has fulfilled all conditions precedent, if any, to bringing this action.

WHEREFORE, Cross-Plaintiff Jurys respectfully requests this Court to enter judgment in its favor and against Cross-Defendant SMC for all sums for which Jurys is found to be liable to Plaintiffs in this matter, plus pre- and post- judgment interest, attorneys' fees and costs, and such other and further relief as this Court deems proper and just.

### Count 3 – Quantum Meruit

26. Jurys pleads this Count 3 (Quantum Meruit) as an alternative to Count 1 (Breach of Contract/Indemnification). Jurys incorporates by reference the allegations of paragraphs 1 – 25 above as though fully set forth in this paragraph.

27. Jurys has paid SMC for work performed by SMC's subcontractors and SMC has failed to pay those subcontractors.

28. SMC has accepted and retained payment from Jurys for services that Plaintiffs provided, if any, without SMC having paid Plaintiffs for the work performed by Plaintiffs, whom SMC had promised to pay.

29. SMC has been unjustly enriched by its acceptance of Jurys's payment.

30. Under the circumstances, it would be inequitable to require Jurys to pay any damages to any Plaintiff and yet to allow SMC to retain the benefit of Jurys's payment made in consideration for, among other things, the work performed by those Plaintiffs.

31. SMC's retaining those funds that it has failed to pay to Plaintiffs is inequitable and unjust.

32. SMC has been unjustly enriched by its acceptance of Jurys's payment and failure to pay the Plaintiffs.

33. Upon information and belief, SMC has been unjustly enriched in an amount to be determined at trial.

34. Jurys has fulfilled all conditions precedent, if any, to bringing this action.

WHEREFORE, Cross-Plaintiff Jurys respectfully requests this Court to enter judgment in its favor and against Cross-Defendant SMC in the amount to be determined at trial plus pre- and post- judgment interest, attorneys' fees and costs, and such other and further relief as this Court deems proper and just.

### Count 4 – Contribution

35. Jurys incorporates by reference the allegations in paragraphs 1 – 34, above, as though fully set forth in this paragraph.

36. Plaintiffs have alleged that they are entitled to recover damages in this case as a result of SMC's breach of its direct promise to Plaintiffs to pay for work performed on the Project.

37. Plaintiffs seek to hold Jurys liable for SMC's misconduct.

38. Jurys has denied all liability to Plaintiffs. In the event that Jurys is found to be liable to any or all of the Plaintiffs in any amount, however, that liability will have resulted from SMC's active misconduct.

39. Under those circumstances, Jurys will be entitled to a judgment of contribution against SMC.

40. Jurys has fulfilled all conditions precedent to bringing this action.

WHEREFORE, Cross-Plaintiff Jurys respectfully requests this Court to enter judgment in its favor and against Cross-Defendant SMC in the amount to be determined at trial plus pre- and post- judgment interest, attorneys' fees and costs, and such other and further relief as this Court deems proper and just.

Respectfully submitted,

JURYS WASHINGTON, LLC d/b/a JURYS WASHINGTON HOTEL
By Counsel


/s/ Mark D. Crawford
Mark D. Crawford (Bar No. 449004)
Joseph A. McManus, Jr. (Bar No. 345462)
Daniel K. Felsen (Bar No. 438553)
MCMANUS, SCHOR,
ASMAR & DARDEN, L.L.P.
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
202-296-9260
202-659-3732 (fax)
mcrawford@msadlaw.com
jmcmanus@msadlaw.com
dfelsen@msadlaw.com

## Certificate of Service

I hereby certify that on this 7th day of November 2007 a true and correct copy of the foregoing document was served via electronic mail upon the counsel named below at the electronic mail addresses indicated below:

Andrew Bagley
Glenn Grant
Crowell & Moring, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
202-624-2672
202-628-5116 (fax)
abagley@crowell.com
ggrant@crowell.com
*Counsel for Plaintiffs Munoz, Ovelar, Rocha and Yerien*

and via first class, postage prepaid mail upon:

Lucky Ng d/b/a SM Construction Co.
2525 Van Ness Avenue, Suite 208
San Francisco, CA 94109

/s/ Mark D. Crawford
Mark D. Crawford