UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN MUNOZ, ET AL. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| LUCKY NG D/B/A SM CONSTRUCTION CO., ) | |
| ET AL. ) | Case Number: 07-1962 (R.M.U.) |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**DEFENDANT LUCKY NG D/B/A SM CONSTRUCTION CO.'S ANSWER TO COMPLAINT BY PLAINTIFFS JUAN MUNOZ, ET AL.**

Defendant Ng d/b/a SM Construction Co. ("SM Construction"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 8, hereby submits this Answer to the Complaint filed by Plaintiffs Juan Munoz, et al. in the Superior Court for the District of Columbia on September 28, 2007 and removed to the United States District Court for the District of Columbia on November 6, 2007.

**NATURE OF ACTION**

1. SM Construction denies that it employed Plaintiffs as non-exempt employees and denies all other allegations in Paragraph 1.

2. SM Construction denies all allegations in Paragraph 2.

**JURISDICTION AND VENUE**

3. Paragraph 3 of Plaintiffs' Complaint contains conclusions of law to which no response is required. To the extent a response is required, SM Construction denies the allegations in Paragraph 3.

4. The first sentence of Paragraph 4 of Plaintiffs' Complaint contains conclusions of law to which no response is required. To the extent a response is required, SM Construction denies the allegations in the first sentence of Paragraph 4. SM Construction is without information sufficient to admit or deny the allegations in the second sentence of Paragraph 4 of Plaintiffs' Complaint. SM Construction admits the remaining allegation in Paragraph 4.

5. Paragraph 5 of Plaintiffs' Complaint contains conclusions of law to which no response is required. To the extent a response is required, SM Construction denies the allegations in Paragraph 5.

## FACTUAL ALLEGATIONS

6. SM Construction is without information sufficient to admit or deny the allegation contained in the first sentence of Paragraph 6 of Plaintiffs' Complaint. Accordingly, the allegation is denied. SM Construction denies the allegations contained in the second sentence of Paragraph 6. SM Construction denies that it was ever an employer of Plaintiff Munoz. SM Construction admits only that it contracted with Plaintiff for the completion of tiling work at Jurys Washington Hotel. SM Construction is without information sufficient to admit or deny the allegations in the third sentence of Paragraph 6. Accordingly, these allegations are denied.

7. SM Construction denies the allegations contained in Paragraph 7.

8. SM Construction denies the allegations contained in the first sentence of Paragraph 8. SM Construction denies that it was ever an employer of Plaintiff Munoz. SM

Construction is without information sufficient to admit or deny the allegations in the second sentence of Paragraph 8. Accordingly, these allegations are denied.

9. SM Construction is without information sufficient to admit or deny the allegation contained in the first sentence of Paragraph 9 of Plaintiffs' Complaint. Accordingly, this allegation is denied. SM Construction denies the allegations contained in the second sentence of Paragraph 9. SM Construction denies that it was ever an employer of Plaintiff Ovelar. SM Construction admits only that it contracted with Plaintiff for the completion of plumbing work at Jurys Washington Hotel. SM Construction is without information sufficient to admit or deny the allegations in the third sentence of Paragraph 9. Accordingly, these allegations are denied.

10. SM Construction denies the allegations contained in first sentence of Paragraph 10. SM Construction is without information sufficient to admit or deny the allegations contained in the second sentence of Paragraph 10. Accordingly, these allegations are denied.

11. SM Construction denies the allegations contained in first sentence of Paragraph 11. SM Construction denies that it was ever an employer of Plaintiff Ovelar. SM Construction is without information sufficient to admit or deny the allegations contained in the second or third sentences of Paragraph 11. Accordingly, these allegations are denied.

12. SM Construction is without information sufficient to admit or deny the allegation contained in the first sentence of Paragraph 12 of Plaintiffs' Complaint. Accordingly, this allegation is denied. SM Construction denies the allegations contained in the second sentence of Paragraph 12. SM Construction denies that it was ever an employer of Plaintiff Rocha. SM Construction admits only that it contracted with Plaintiff for the completion of tiling work at Jurys Washington Hotel. SM Construction is without information sufficient to admit or deny the

allegations contained in the third sentence of Paragraph 12. Accordingly, these allegations are denied.

13. SM Construction denies the allegations contained in Paragraph 13.

14. SM Construction denies the allegations contained in first sentence of Paragraph 14. SM Construction denies that it was ever an employer of Plaintiff Rocha. SM Construction is without information sufficient to admit or deny the allegations contained in the second sentence of Paragraph 14. Accordingly, the remaining allegations in Paragraph 14 are denied.

15. SM Construction is without information sufficient to admit or deny the allegations contained in Paragraph 15. Accordingly, the allegations in Paragraph 15 are denied.

16. SM Construction is without information sufficient to admit or deny the allegations contained in Paragraph 16. Accordingly, the allegations in Paragraph 16 are denied.

17. SM Construction is without information sufficient to admit or deny the allegations in the first sentence of Paragraph 17 of Plaintiffs' Complaint. Accordingly, these allegations are denied. SM Construction denies the allegations contained in the second sentence of Paragraph 17. SM Construction denies that it was ever an employer of Plaintiff Yerien. SM Construction admits only that it contracted with Plaintiff for the completion of tiling work at Jurys Washington Hotel. SM Construction is without information sufficient to admit or deny the allegations contained in the third sentence of Paragraph 17. Accordingly, these allegations are denied.

18. SM Construction denies the allegations contained in Paragraph 18.

19. SM Construction denies the allegations contained in first sentence of Paragraph 19. SM Construction denies that it was ever an employer of Plaintiff Yerien. SM Construction

is without information sufficient to admit or deny the allegations contained in the second sentence of Paragraph 19. Accordingly, the remaining allegations in Paragraph 19 are denied.

20.     SM Construction is without information sufficient to admit or deny the allegations contained in Paragraph 20. Accordingly, the allegations in Paragraph 20 are denied.

21.     Paragraph 21 of Plaintiffs' Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 21 are denied.

22.     SM Construction admits the allegations contained in Paragraph 22.

23.     SM Construction is without information sufficient to admit or deny the allegations contained in Paragraph 23. Accordingly, the allegations in Paragraph 23 are denied.

24.     Paragraph 24 of Plaintiffs' Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 24 are denied. SM Construction denies that it was an employer of any Plaintiff listed in the Complaint.

25.     SM Construction denies the allegations contained in Paragraph 25.

26.     SM Construction admits the allegations contained in the first sentence of Paragraph 26. SM Construction denies the allegations contained in the second sentence of Paragraph 26.

27.     SM Construction denies the allegations contained in Paragraph 27.

28.     SM Construction denies the allegations contained Paragraph 28. Jurys Washington LLC d/b/a Jurys Washington Hotel ("Jurys Washington") has sued SM Construction alleging that work performed at the Jurys Washington Hotel was defective.

29. SM Construction is without information sufficient to admit or deny the allegations contained in Paragraph 29. Accordingly, the allegations in Paragraph 29 are denied.

30. The first sentence of Paragraph 30 of Plaintiffs' Complaint contains conclusions of law to which no response is required. SM Construction denies that it was an employer of any Plaintiff listed in the Complaint. SM Construction is without information sufficient to admit or deny the allegations contained in the second sentence of Paragraph 30 of Plaintiffs' Complaint. Accordingly, these remaining allegations are denied.

31. SM Construction is without information sufficient to admit or deny the allegations contained in Paragraph 31 of Plaintiffs' Complaint. Accordingly, the allegations contained in Paragraph 31 are denied.

32. Paragraph 32 of Plaintiffs' Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 32 are denied.

33. SM Construction denies the allegations contained Paragraph 33.

34. SM Construction denies the allegations contained Paragraph 34.

35. SM Construction is without information sufficient to admit or deny the allegations contained in Paragraph 35 of Plaintiffs' Complaint. Accordingly, these allegations are denied.

36. SM Construction is without information sufficient to admit or deny the allegations contained in Paragraph 36 of Plaintiffs' Complaint. Accordingly, these allegations are denied.

37. Paragraph 37 of Plaintiffs' Complaint contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 37 are denied.

## COUNT I
### (Violation of FLSA)

SM Construction generally denies all liability to Plaintiffs under Count I of Plaintiffs' Complaint. SM Construction denies that it was an employer of any Plaintiff listed in the Complaint at any time.

## COUNT II
### (Violation of the D.C. Minimum Wage Law)

SM Construction generally denies all liability to Plaintiffs under Count II of Plaintiffs' Complaint. SM Construction denies that it was an employer of any Plaintiff listed in the Complaint at any time.

## COUNT III
### (Violation of the D.C. Payment and Collection of Wages Law)

SM Construction generally denies all liability to Plaintiffs under Count III of Plaintiffs' Complaint. SM Construction denies that it was an employer of any Plaintiff listed in the Complaint at any time.

## COUNT IV
### (Breach of Oral Contract)

SM Construction is without information sufficient to admit or deny the allegations set forth in Count IV of Plaintiffs' Complaint. Accordingly, these allegations are generally denied.

## COUNT V
### (Unjust Enrichment/Quantum Meruit)

SM Construction is without information sufficient to admit or deny the allegations set forth in Count V of Plaintiffs' Complaint. Accordingly, these allegations are generally denied.

**SM Construction's Affirmative Defenses to Plaintiffs' Complaint**

Affirmative Defense No. 1.        SM Construction never at any time employed any named Plaintiff. SM construction entered into independent contracts with each Plaintiff and is therefore not liable under The Fair Labor Standards Act (FLSA), the District of Columbia Minimum Wage Law, or the District of Columbia Collection of Wages Law. Upon information and belief, at all times Plaintiffs were either employees of subcontractor First American Builders, employees of Jurys Washington, or independent contractors.

Affirmative Defense No. 2.        Plaintiffs performed defective work failing to conform with industry standards. On that basis, SM Construction never received, accepted or retained a benefit from the work performed by Plaintiffs.

Affirmative Defense No. 3        SM Construction reserves the right to rely upon any additional defenses that become known to it during the course of discovery or at trial.

WHEREFORE, SM Construction respectfully requests the dismissal of Plaintiffs' Complaint in its entirety, together with such further relief as the Court may deem appropriate.

Dated: January 15, 2008               Respectfully submitted,


                                      /s/ Andrew W. Stephenson
                                      Andrew W. Stephenson (D.C. Bar No. 286518)
                                      Holland & Knight, LLP
                                      2099 Pennsylvania Avenue, NW, Suite 100
                                      Washington, DC 20006
                                      (202) 955-3000 (phone)
                                      (202) 955-5564 (fax)
                                      andrew.stephenson@hklaw.com

                                      *Counsel for Defendant Lucky Ng, d/b/a SM Construction Co.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN MUNOZ, ET AL. ) ) Plaintiffs, ) ) v. ) ) ) ) LUCKY NG D/B/A SM CONSTRUCTION CO., ) ET AL. ) ) Defendant. ) ) _____ ) | Case Number: 07-1962 (R.M.U.) |

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January 2008 a true and correct copy of the foregoing Defendant's Answer to Plaintiffs' Complaint was served via electronic mail upon the counsel named below at the electronic mail addresses indicated below:

Andrew Bagley
Glenn Grant
Crowell & Moring LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 624-2672 (phone)
(202) 628-5116 (fax)
abagley@crowell.com
ggrant@crowell.com

*Counsel for Plaintiffs Juan Munoz, et al.*

Mark D. Crawford
Joseph A. McManus
Daniel K. Felsen
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 296-9260 (phone)
(202) 659-3732 (fax)
mcrawford@msadlaw.com
jmcmanus@msadlaw.com
dfelsen@msadlaw.com
*Counsel for Jurys Washington LLC d/b/a Jurys Washington Hotel*

/s/ Andrew W. Stephenson
Andrew W. Stephenson

# 5050356_v1