UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN MUNOZ, ET AL. )<br>)<br>       Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>LUCKY NG D/B/A SM CONSTRUCTION CO., )<br>ET AL. )<br>)<br>       Defendant. )<br>)<br>)  | Case Number: 07-1962 (R.M.U.) |

## DEFENDANT LUCKY NG D/B/A SM CONSTRUCTION CO.'S ANSWER TO CROSS-CLAIM OF JURYS WASHINGTON, LLC

Defendant Lucky Ng d/b/a SM Construction Co. ("SM Construction"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 8, hereby submits this Answer to the Cross-claim filed by Jurys Washington, LLC d/b/a Jurys Washington Hotel ("Jurys Washington").

### The Parties

1. SM Construction is without information sufficient to admit or deny the allegations contained in Paragraph 1 of the Cross-claim. Accordingly, the allegations in Paragraph 1 are denied.

2. SM Construction admits the allegations contained in Paragraph 2.

3. SM Construction admits the allegations contained in Paragraph 3.

### Jurisdiction and Venue

4. Paragraph 4 of the Cross-claim contains conclusions of law to which no response is required. To the extent a response is required, SM Construction denies the allegations in Paragraph 4.

5. Paragraph 5 of the Cross-claim contains conclusions of law to which no response is required. To the extent a response is required, SM Construction denies the allegations in Paragraph 5.

**Factual Allegations**

6. SM Construction admits that it entered into a contract with Jurys Washington to provide services at the Jurys Washington Hotel renovation project ("Project"). SM Construction denies any allegations in Paragraph 6 that are inconsistent with this answer.

7. Paragraph 7 of the Cross-claim references the Complaint. The Complaint is in writing and is the best evidence of its contents. SM Construction denies any allegations contained in Paragraph 7 that are inconsistent with this answer.

8. SM Construction admits that Plaintiffs' Complaint alleges that "Plaintiffs have not been paid all compensation owed them for hours worked during the period in which they performed services . . . ." The remaining allegations contained within the Complaint are in writing and are the best evidence of their content. SM Construction has denied liability to Plaintiffs. SM Construction denies any allegations contained in Paragraph 8 that are inconsistent with this answer.

9. Paragraph 9 of the Cross-claim references statements allegedly made by Plaintiffs. Those statements are in writing and are the best evidence of their content. SM

Construction denies any allegations contained in Paragraph 9 that are inconsistent with this answer.

10. SM Construction is without information sufficient to admit or deny the allegations contained Paragraph 10 of the Cross-claim. Accordingly, the allegations in Paragraph 10 are denied.

11. SM Construction admits that it has received payments from Jurys Washington for services provided at the Project. SM Construction disputes the amounts paid and denies that it has been paid in full. SM Construction denies any allegations contained in Paragraph 11 that are inconsistent with this answer.

12. SM Construction is without information sufficient to admit or deny the allegations contained Paragraph 12 of the Cross-claim. Additionally, paragraph 12 contains conclusions of law to which no response is required. Accordingly, the allegations in Paragraph 12 are denied.

13. SM Construction is without information sufficient to admit or deny the allegations contained Paragraph 13 of the Cross-claim. Accordingly, the allegations in Paragraph 13 are denied.

14. SM Construction denies the allegations contained in Paragraph 14.

15. SM Construction denies the allegations contained in Paragraph 15.

16. SM Construction denies the allegations contained in Paragraph 16.

17. SM Construction is without information sufficient to admit or deny the allegations in Paragraph 17 of the Cross-claim. Accordingly, the allegations in Paragraph 17 are denied.

**Count 1 – Breach of Contract/Indemnification**

18. SM Construction incorporates herein all of its answers to paragraphs 1 – 17 of the Cross-claim.

19. SM Construction denies the allegations contained in Paragraph 19.

20. SM Construction admits that Jurys Washington has filed an Answer to Plaintiffs' Complaint. The Answer is in writing and is the best evidence of its content. SM Construction denies the remaining allegations contained in Paragraph 20.

21. SM Construction denies the allegations contained in Paragraph 21.

22. Paragraph 22 of the Cross-claim contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 22 are denied.

**WHEREFORE**, SM Construction respectfully requests the dismissal of Count 1 of the Cross-claim, together with such further relief as the Court may deem appropriate.

### Count 2 – Equitable Indemnity

23. SM Construction incorporates herein all of its answers to paragraphs 1 – 22 of the Cross-claim.

24. SM Construction admits that Jurys Washington has filed an Answer to Plaintiffs' Complaint. The Answer is in writing and is the best evidence of its content. The remaining allegations of Paragraph 24 contain conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 24 are denied.

25. Paragraph 25 of the Cross-claim contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 25 are denied.

**WHEREFORE**, SM Construction respectfully requests the dismissal of Count 2 of the Cross-claim, together with such further relief as the Court may deem appropriate.

### Count 3 – Quantum Meruit

26. SM Construction incorporates herein all of its answers to paragraphs 1 – 25 of the Cross-claim.

27. SM Construction admits that it has received payments from Jurys Washington for services provided at the Project. SM Construction disputes the amounts paid and denies that it has been paid in full. SM Construction denies any allegations contained in Paragraph 27 that are inconsistent with this answer.

28. Paragraph 28 of the Cross-claim contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 28 are denied.

29. Paragraph 29 of the Cross-claim contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 29 are denied.

30. Paragraph 30 of the Cross-claim contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 30 are denied.

31. Paragraph 31 of the Cross-claim contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 31 are denied.

32. Paragraph 32 of the Cross-claim contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 32 are denied.

33. SM Construction denies the allegations contained Paragraph 33.

34. Paragraph 34 of the Cross-claim contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 34 are denied.

**WHEREFORE**, SM Construction respectfully requests the dismissal of Count 3 of the Cross-claim, together with such further relief as the Court may deem appropriate.

**Count 4 – Contribution**

35.     SM Construction incorporates herein all of its answers to paragraphs 1 – 34 of the Cross-claim.

36.     SM Construction admits that Plaintiffs' Complaint alleges that "Plaintiffs have not been paid all compensation owed them for hours worked during the period in which they performed services . . . ." The remaining allegations contained within the Complaint are in writing and are the best evidence of their content. SM Construction has denied liability to Plaintiffs. SM Construction denies any allegations contained in Paragraph 36 that are inconsistent with this answer.

37.     SM Construction admits that Jurys Washington is a named Defendant in Plaintiffs' Complaint. The Complaint is in writing and is the best evidence of its content. SM Construction denies any allegations contained in Paragraph 37 that are inconsistent with this answer.

38.     SM Construction admits that Jurys Washington has filed an Answer to Plaintiffs' Complaint. The Answer is in writing and is the best evidence of its content. The remaining allegations of Paragraph 38 contain conclusions of law to which no response is required. To the extent a response is required, the allegations in paragraph 38 are denied.

39.     Paragraph 39 of the Cross-claim contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 39 are denied.

40.     Paragraph 40 of the Cross-claim contains conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 40 are denied.

**WHEREFORE**, SM Construction respectfully requests the dismissal of Count 4 of the Cross-claim, together with such further relief as the Court may deem appropriate.

### SM Construction's Affirmative Defenses to Jurys Washington's Cross-claim

Affirmative Defense No. 1.    The Cross-claim fails to state a claim upon which relief can be granted.

Affirmative Defense No. 2.    The Cross-claim is barred, in whole or in part, by reason of set-off or recoupment. Jurys Washington failed to compensate SM Construction in full for services performed at the Project.

Affirmative Defense No. 3.    SM Construction never at any time employed any named Plaintiff within the meaning of the relevant statutes. Upon information and belief, at all times Plaintiffs were either employees of subcontractor First American Builders, employees of Jurys Washington, or independent contractors.

Affirmative Defense No. 4.    SM Construction reserves the right to rely upon any additional defenses that become known to it during the course of discovery or at trial.

**WHEREFORE**, SM Construction respectfully requests the dismissal of the Cross-claim in its entirety, together with such further relief as the Court may deem appropriate.

Dated: January 23, 2008                    Respectfully submitted,


/s/ Andrew W. Stephenson
Andrew W. Stephenson (D.C. Bar No. 286518)
Holland & Knight, LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006
(202) 955-3000 (phone)
(202) 955-5564 (fax)
andrew.stephenson@hklaw.com

*Counsel for Lucky Ng, d/b/a SM Construction Co.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN MUNOZ, ET AL. | ) |
| | ) |
|       **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| LUCKY NG D/B/A SM CONSTRUCTION CO., | ) |
| ET AL. | )   Case Number: 07-1962 (R.M.U.) |
| | ) |
|       **Defendant.** | ) |
| | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of January 2008 a true and correct copy of the foregoing Answer to Jurys Washington's Cross-claim was served via electronic mail upon the counsel named below at the electronic mail addresses indicated below:

Andrew Bagley
Glenn Grant
Crowell & Moring LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 624-2672 (phone)
(202) 628-5116 (fax)
abagley@crowell.com
ggrant@crowell.com

*Counsel for Plaintiffs Juan Munoz, et al.*

Mark D. Crawford
Joseph A. McManus
Daniel K. Felsen
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 296-9260 (phone)
(202) 659-3732 (fax)
mcrawford@msadlaw.com
jmcmanus@msadlaw.com
dfelsen@msadlaw.com
*Counsel for Jurys Washington LLC d/b/a Jurys Washington Hotel*

/s/ Andrew W. Stephenson
Andrew W. Stephenson

# 5063785_v1