IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN MUÑOZ, ET AL. ) | |
| ) | |
| ) | Case No. 07 1962 (RMU) |
| Plaintiffs, ) | |
| ) | Initial Status Conference: |
| ) | April 15, 2008 |
| v. ) | |
| ) | |
| LUCKY NG d/b/a SM CONSTRUCTION CO. ) | |
| ET AL. ) | |
| ) | |
| Defendants. ) | |

### PARTIES' LOCAL RULE 16.3 CONFERENCE REPORT

Pursuant to the Court's Standing Order for Civil Cases, counsel in the above captioned matter submit this report regarding the issues to be discussed at their LCvR 16.3 Conference.

I.   STATEMENT OF THE CASE

**Plaintiffs' Statement**: Plaintiffs Juan Muñoz, Blas Ovelar, Teddy Rocha and Daniel Yerien were employed by Defendants Lucky Ng (d/b/a SM Construction) and Jurys Washington Hotel as non-exempt employees and bring this action against Defendants for failure to pay required wages, bonuses, and overtime compensation for services rendered. Defendant SM Construction has admitted in pre-litigation communications that it has failed to pay the wages at issue. The Defendants are joint employers of Plaintiffs and, as such, jointly and severally liable for the remedies requested herein. Defendants, *inter alia*, failed to pay wages for work performed; failed to pay Plaintiffs overtime compensation for hours worked in excess of forty (40) in any workweek, despite the fact that Plaintiffs regularly worked as many as 75 hours per week; and failed to pay Plaintiffs promised bonuses for working on an expedited schedule.

This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*. The Court has supplemental jurisdiction over Plaintiffs' claims under the D.C. Minimum Wage Act, D.C. Code Anno. § 32-1012, and the D.C. Wage Payment and Wage Collection Law, D.C. Code Anno. § 32-1308.

**Defendant Jurys Washington Hotel's Statement:** Defendant Jurys Washington, LLC d/b/a Jurys Washington Hotel ("Jurys") is not liable to any plaintiff on any legal theory in any amount. Jurys did not employ the plaintiffs and was not a joint employer of the plaintiffs by operation of law.

**Defendant Lucky Ng, d/b/a SM Construction Co.'s Statement:** Lucky Ng d/b/a SM Construction Co. ("SM Construction") is not liable to Plaintiffs Juan Muñoz, Blas Ovelar, Teddy Rocha and Daniel Yerien under The Fair Labor Standards Act, the District of Columbia Minimum Wage Law, or the District of Columbia Collection of Wages Law. SM Construction does not owe wages or other monies to Plaintiffs because SM Construction was never the employer of the Plaintiffs and the Plaintiffs were never its employees. Rather, to SM Construction's knowledge, Plaintiffs were employees of SM Construction's subcontractor First American Builders, a completely separate and unrelated entity. While SM Construction may have entered into independent contracts with Plaintiffs for a short period of time following their employment with First American Builders, at no time was any Plaintiff an employee of SM Construction.

Even if SM Construction were deemed to be the Plaintiffs' employer, SM Construction disputes the Plaintiffs' allegations as to the amount of hours that they worked.

At no time did SM Construction act willfully or intentionally with respect to any alleged denial of wages to the Plaintiffs.

2

At no time did SM Construction enter into any oral or other contract with Plaintiffs Rocha and Yerien to pay them a bonus. Consequently, there was no breach of contract and SM Construction was not unjustly enriched.

## II.   RULE 16.3 REPORT

1. *Whether the case is likely to be disposed of by dispositive motion, and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery of other matters should await a decision on the motion.*

Plaintiffs believe that summary judgment motions are unlikely to resolve this case because the case is fact intensive. Defendant Jurys believes summary judgment may be an option.

2. *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

Plaintiffs have identified one more individual identically situated to them and will seek to add him to the case. All additional Plaintiffs should be joined and the pleadings amended no later than 60 days from the Initial Status Conference.

3. *Whether the case can be assigned to a magistrate judge for all purposes, including trial.*

The parties do not agree to assignment of the case to a Magistrate Judge for purposes other than discovery.

4. *Whether there is a realistic possibility of settling the case.*

The parties believe that settlement is a realistic possibility, although they believe that discovery will be required before progress in settlement discussions is possible. Some settlement discussions have already occurred between Plaintiffs and SM Construction and such discussions are expected to continue.

    5.    *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures or some other form of alternative dispute resolution and, if so, which procedure should be used, and should discovery be stayed or limited pending completion of ADR.*

The parties are open to ADR procedures but believe discovery should proceed regardless of ADR proceedings.

    6.    *Whether the case can be resolved on summary judgment or motion to dismiss, dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for decision in the motions.*

The parties agree that dispositive motions should be due no later than 45 days after close of discovery but that this deadline shall not prevent any party from moving for dispositive relief at an earlier time. The parties suggest applying this Court's Local Rules regarding the timing for filing oppositions to dispositive motions and reply papers.

    7.    *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and, if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The parties agree that they will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) no later than April 8, 2008.

    8.    *The anticipated extent to discovery; how long discovery should take; what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

The parties recommend that discovery close on September 30, 2008. No protective order is warranted at this time.

    9.    *Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.*

The parties propose that the expert witness reports be exchanged in conformity with Fed. R. Civ. P. 26(a)(2). They respectfully suggest that expert witness depositions be reserved until after the completion of all fact witness discovery.

10. *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or evidentiary hearing on the motion and a proposed date for decision.*

Not applicable.

11. *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The parties agree that no aspect of this case should be bifurcated. No special approach to case management is required at the present time.

12. *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The parties respectfully request that the pretrial conference be held in early March 2009.

13. *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties agree that the trial date should be set at the final pretrial conference.

14. *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

The parties believe that no other matters need to be addressed in the Court's Scheduling Order at this time, but respectfully request the right to address additional issues at the Scheduling Conference on April 15, 2008.

Date: April 4, 2008                                          Respectfully submitted,


/s/     Andrew W. Bagley
Andrew Bagley (Bar No. 447806)
Glenn Grant (Bar No. 437324)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 624-2672 (phone)
(202) 624-2852
(202) 624-2874
(202) 628-5116 (fax)
abagley@crowell.com
ggrant@crowell.com
Counsel for Plaintiffs


/s/     Mark D. Crawford
Mark D. Crawford
Joseph A. McManus
Daniel K. Felsen
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 296-9260 (phone)
(202) 659-3732 (fax)
mcrawford@msadlaw.com
jmcmanus@msadlaw.com
dfelsen@msadlaw.com
Counsel for Jurys Washington, LLC
d/b/a Jurys Washington Hotel


/s/     Andrew W. Stephenson
Andrew W. Stephenson
Holland & Knight, LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
(202) 955-3000 (phone)
(202) 955-5564 (fax)
Andrew.stephenson@hklaw.com

Counsel for Lucky Ng
d/b/a SM Construction Co.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of April, 2008, I caused a copy of the foregoing "PARTIES' LOCAL RULE 16.3 CONFERENCE REPORT" to be filed and served upon the parties listed below in accordance with the Court's electronic filing procedures and practices:

Mark D. Crawford
Joseph A. McManus
Daniel K. Felsen
McManus, Schor, Asmar & Darden, LLP
1155 Fifteenth Street, N.W., Suite 900
Washington, D.C. 20005
(202) 296-9260 (phone)
(202) 659-3732 (fax)
mcrawford@msadlaw.com
jmcmanus@msadlaw.com
dfelsen@msadlaw.com

Counsel for Jurys Washington, LLC, d/b/a Jurys Washington Hotel

Andrew W. Stephenson
Holland & Knight, LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
(202) 955-3000 (phone)
(202) 955-5564 (fax)
Andrew.stephenson@hklaw.com

Counsel for Lucky Ng, d/b/a SM Construction Co.

/s/ Andrew W. Bagley
Andrew W. Bagley